# Richardson v. McCrackin-Sturman Ford East, Inc.

Before Loughran, Mihalich and Hudock, *JJ.*

*William B. Richardson*, for plaintiff.
*Grogan, Graffam, McGinley & Solomon*, for defendant McCrackin-Sturman Ford East, Inc.

LOUGHRAN, *J.*, August 1, 1979—This matter comes before the court for review upon a writ of certiorari pursuant to the Westmoreland County Rules of Civil Procedure Rule W6015. The record reveals that McCrackin-Sturman Ford East, Inc. and Ford Motor Company were defendants upon a claim brought by William B. Richardson. Defendant, McCrackin-Sturman Ford East, Inc., appeared at a hearing set for December 18, 1979, at 10:30 a.m., without giving notice to defend. Defendant, Ford Motor Company, was not properly served. An

amendment was made to the complaint and the magistrate set the hearing time for December 18, 1978, at 11:00 a.m. Plaintiff refused to testify and the magistrate entered judgment for defendant, McCrackin-Sturman Ford East, Inc.

Plaintiff petitioner contends that it was error to compel him to proceed when service was not perfected against Ford Motor Company, an indispensable party, especially as defendant, McCrackin-Sturman Ford East, Inc., failed to give notice of its intent to defend. McCrackin contends that it appeared and was ready to defend and should not be compelled to appear again.

This court believes that this matter must be returned to the magistrate with direction to hold a proper hearing upon the amended complaint. Ford Motor Company was an indispensable party and plaintiff should not have been compelled to proceed until proper service was made or it was ascertained that service was impossible to be made. Had defendant McCrackin notified plaintiff or the magistrate of its intent to defend it would have learned of the improper service and a personal appearance at the magistrate's office would not have been necessary until service was perfected and the court had jurisdiction over all parties.

## ORDER

And now, August 1, 1979, the judgment rendered on December 18, 1979, in the above-captioned matter is hereby set aside and this case is remanded to Robert E. Scott, Justice of the Peace for Magisterial District No. 10-3-02 for hearing after service upon the parties in accordance with the Rules of Civil Procedure.